# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-2000V
### UNPUBLISHED

| | |
|---|---|
| ZSUZSANNA KIMBALL,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: December 27, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Naseem Kourosh, U.S. Department of Justice, Washington, DC,* for Respondent.

### RULING ON ENTITLEMENT[1]

On December 28, 2020, Zsuzsanna Kimball filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccination she received on October 11, 2019. Amended Petition at 1. Petitioner further alleges she suffered the residual effects of her vaccine injury for more than six months. Amended Petition at ¶29. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 19, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that "Petitioner had no apparent history of

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

pain, inflammation, or dysfunction of the left shoulder prior to the vaccination that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccination; Petitioner more likely than not suffered the onset of pain within 48 hours of vaccination; Petitioner's pain and reduced ROM were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified that would explain Petitioner's symptoms." *Id.* at 4-5. Respondent further agrees that "Petitioner received the flu vaccine in the United States, that the flu vaccine that Petitioner received is set forth in the Vaccine Injury Table, and that Petitioner's injury lasted for more than six months." *Id.* at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
